B. Kent Morgan (3945)
Jonathan T. Nish (14739)
Morgan, Nish & Associates, P.C.
975 West 850 South
Woods Cross, UT 84087
Phone 801.397.1780
Fax 801.618.1908
*morgan@mnalaw.net*
*nish@mnalaw.net*

*Attorneys for Plaintiff Roxanne Brough*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROXANNE BROUGH,<br><br>            Plaintiff,<br><br>v.<br><br>O.C. TANNER COMPANY, and JOHN DOES 1-5,<br><br>            Defendants. | **COMPLAINT AND JURY DEMAND**<br><br><br><br><br>Case No. 2:16-cv-01134-PMW<br><br>Judge Paul M. Warner |

Plaintiff, Roxanne Brough, ("Ms. Brough"), by and through counsel, brings the following Complaint against Defendants, O.C. Tanner Company ("O.C. Tanner"), and John Does 1-5.

**PRELIMINARY STATEMENT**

This is a civil action in which Plaintiff Roxanne Brough, seeks relief for the Defendants' violations of her rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, 29 U.S.C. § 621, the Age Discrimination in Employment Act, further secured by 42 U.S.C. § 1983, and by the laws, statutes and Utah Constitution.  This is further an action at law

to redress a deprivation of rights under color of statute, ordinance, regulation, or custom, which prohibits age discrimination in employment. As such, Plaintiff's termination due to her age entitles her to compensatory and punitive damages, affirmative and equitable relief, award of attorney's fees, costs and interests and further relief as this Court deems just and equitable, in an amount to be proven at trial.

## JURISDICTION AND VENUE

1. This court has original jurisdiction of all civil actions arising under the United States Constitution, laws and/or treatises.

2. This action arises under federal law, particularly under the provisions of the Age Discrimination in Employment Act, 29 U.S.C. § 621 and 42 U.S.C. § 1983 (originally the Civil Rights Act of 1871).

3. This Court has jurisdiction over the subject matter of this civil action pursuant to 29 U.S.C. § 62. The Age Discrimination in Employment Act. § 623 which pertinently states:

> (a) "It shall be unlawful for an employer – (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his/her compensation, terms, conditions, or privileges, of employment, because of such individual's age; and (2) to limit, segregate, or classify, his/her employee's in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his/her status as an employee, because of such individual's age."

4. This Court has further jurisdiction over this matter pursuant to 42 U.S.C. § 1983 which states:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

5.      Venue is proper in the United States District Court, District of Utah, Central Division under 28 U.S.C. § 1331 which states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1343 which further states,

> "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person…To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; or to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights."

6.      Furthermore, venue is proper as Plaintiff was employed by the Defendant O.C. Tanner, in this District of Utah.  Plaintiff's employment records were maintained by the O.C. Tanner and decisions adverse to Plaintiff's employment that are the subject of this civil action were all made in this judicial district.  Plaintiff also resides within this jurisdiction and Defendant O.C. Tanner regularly conducts business in this District.

## **PARTIES**

7.     Plaintiff Roxanne Brough, a female over 40-years old, is a citizen of the United States and a resident of the State of Utah. At all times relevant herein, Ms. Brough was employed with O.C. Tanner until her termination in November 2014.

8.     Defendant O.C. Tanner, is a licensed company with its primary place of business located in Salt Lake City, Utah. As part of its corporate powers, and at all times relevant herein, O.C. Tanner maintained an administrative responsible for the employment and attribution and/or award of benefits to its employees.

9.     This action is also brought against O.C. Tanner as a "person" liable under 29 U.S.C. § 621.

10.     John Does 1-5 are identified as unnamed individuals who were, at the time of the alleged complained of acts, employed by O.C. Tanner. Mrs. Brough has not yet been able to determine the exact identity of all said Does, but will do so during discovery. This action is brought against John Does 1-5 in their individual and official capacities. Their authority to act was derived from Utah state law and/or the commands and directives of their superiors. All of the acts of the individuals and entities listed as Defendants were performed under color of this State's laws, statutes, ordinances, regulations, policies and/or customs and usages of O.C. Tanner.

## STATEMENT OF FACTS

11. Plaintiff, Roxanne Brough, a female over 40 years of age, worked for the Defendant O.C. Tanner from April 1977 to November 2014 when she was terminated after approximately 37 years of employment.

12. At the time of her termination, Ms. Brough worked as a Team Member in the Production Control Department, and at all times preceding her termination, Ms. Brough had been performing her job satisfactorily.

13. Prior to her termination, Ms. Brough had even received a raise. Soon thereafter, new management was hired and changes began to be made.

14. Ms. Brough was treated differently from similarly competent employees and she and several others, all over the age of 40, were forced to leave the company due to the constant harassment by management, pressuring them into early retirement or were terminated.

15. Prior to being Ms. Brough's termination of her employment, O.C. Tanner created a hostile work environment and retaliated against Ms. Brough based on her age.

16. Ms. Brough was re-assigned from the manufacturing and purchasing department to the production control department where her duties became constricted. Ms. Brough had requested a transfer to a different department but this was denied due to O.C. Tanner's predetermined decision to terminate her employment based on her age.

17. One of Ms. Brough's duties was ostensibly replaced by technological advances but the other tasks were given to younger employees. She was singled out and treated less

favorably than younger employees whose employment with O.C. Tanner was unaffected by the alleged technological advances.

18.     The treatment of Ms. Brough while still employed by O.C. Tanner caused such distress that Ms. Brough was placed on anti-depressants, but as a faithful employee she never took any leave during her time of employment.

19.     Since being terminated, Ms. Brough and O.C. Tanner have engaged in settlement negotiations that were discontinued on or about May 31, 2016 for failure to reach an amicable agreement.

20.     Ms. Brough did not sign the termination agreement provided to her by O.C. Tanner because not only were the terms unfair, but she was also harassed because of her age until being forced into an early retirement through wrongful termination.

21.     A right to sue letter was issued to Ms. Brough by the EEOC on September 28, 2016. (See, Ms. Brough's Right to Sue Letter attached as Exhibit A.)

22.     Ms. Brough has complied with the requirements of the relevant statutes, requiring exhaustion of administrative remedies.

23.     The actions of O.C. Tanner in terminating Ms. Brough were taken because of her age, and are therefore in violation of the provisions provided for in 29 U.S.C. § 621, the ADEA, and 42 U.S.C. § 1983.

## FIRST CAUSE OF ACTION
### Age Discrimination in Violation of the ADEA, 29 U.S.C. §621

24.     The foregoing paragraphs are realleged and incorporated by reference herein.

25. Ms. Brough is over the age of 40 and is part of the class protected under the ADEA, 29 U.S.C. § 621.

26. Ms. Brough performed her job satisfactorily prior to being terminated. She had not received any warnings for poor performance, nor had she been asked to alter the manner in which she performed her job duties.

27. Ms. Brough, and other individuals, ranging in age from 55 to 69, were all terminated around the same time period, demonstrating that age was the O.C. Tanner's motivating factor in purging the company. Clearly, there was a disparate impact on employees over the age of 40.

28. Ms. Brough was treated less favorably than younger employees, whose employment with O.C. Tanner was unaffected by any ostensible technological advancements.

29. O.C. Tanner's conduct directly violates 29 U.S.C. § 623, by forcing Ms. Brough into early retirement through wrongful termination.

30. O.C. Tanner's age discrimination against Ms. Brough continued during the period of negotiations as no final compensatory resolution was provided to Ms. Brough for her unlawful termination.

31. O.C. Tanner has conducted itself intentionally, deliberately, willfully, and in callous disregard for the rights of Ms. Brough.

32. O.C. Tanner's conduct as alleged at length herein constitutes discrimination based on age in violation of the ADEA.

33. By reason of O.C. Tanner's discrimination, Ms. Brough is entitled to all legal and equitable remedies available under the ADEA. Ms. Brough is therefore entitled to recover liquidated damages in addition to her lost compensation and benefits.

## SECOND CAUSE OF ACTION

**Violation of 42 U.S.C § 1983 and of the Fifth & Fourteenth Amendments of the U.S. Constitution**

34. The foregoing paragraphs are realleged and incorporated by reference herein.

35. Ms. Brough was deprived of her right to work in accordance with Utah Code Ann. § 34-34-2, which states in relevant part:

> "It is hereby declared to be the public policy of the state that the right of persons to work, whether in private employment or for the state,… may not be denied or abridged…; and further, that the right to live includes the right to work. The exercise of the right to work shall be protected and maintained free from undue restraints and coercion."

36. Being deprived of Ms. Brough's right to work is in violation of 42 U.S.C. §1983, which states in pertinent part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

37. Ms. Brough was deprived of her right to work by being forced into early retirement through wrongful termination, causing her harm, and being in further violation of the due process clauses contained in the Fifth and Fourteenth Amendments to the U.S. Constitution.

38.     The Fifth Amendment states that no person shall be deprived of life, liberty, or property, without due process of law. Likewise, the Fourteenth Amendment states,

> "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

39.     Because the Utah statute governing the right to work declares the right to work to be equivalent to the right to life, Ms. Brough should not have been deprived of her rights absent due process.

40.     By reason of O.C. Tanner's discrimination in violation of the ADEA and resulting wrongful termination and deprivation of a protected right, Ms. Brough is entitled to all legal and equitable remedies available under 42 U.S.C. §1983.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, Ms. Brough, requests a trial by jury in this action.

WHEREFORE, Plaintiff prays for relief as follows:

1.      Ms. Brough requests that this Court award her compensatory damages as she suffered monetary losses, included but not limited to, the loss of salary and employment benefits as a result of the Defendant O.C. Tanner's discriminatory business practices.  O.C. Tanner is liable to the Ms. Brough for her lost compensation and other benefits of employment occasioned thereby, for consequential damages, and other damages and costs authorized by statute.

2. Ms. Brough seeks punitive damages against the named individuals/corporation and/or Doe Defendants for the willful disregard of employment discrimination law at Ms. Brough's expense. The actions of the O.C. Tanner and/or the Doe Defendants in terminating Ms. Brough were taken in reckless disregard for the federally and state protected rights of Ms. Brough, and she is therefore entitled to punitive damages in such amount as may be found proper hereafter.

3. Ms. Brough seeks costs and reasonable attorneys' fees, pursuant to Rule 54 of the Federal Rule of Civil Procedures, incurred with this lawsuit with interest thereon.

4. And for any other damages and further relief as deemed equitable and just by this court.

5. All amounts of damages are to be determined at trial.

DATED this 3rd day of November, 2016.

                                                                       MORGAN, NISH & ASSOCIATES, P.C.

                                                                       /s/ B. Kent Morgan
                                                                       B. Kent Morgan