IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROXANNE BROUGH,<br><br>                    Plaintiff,<br><br>v.<br><br>O.C. TANNER COMPANY and JOHN DOES 1-5,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND ALLOWING AMENDMENT<br><br><br>Case No. 2:16-CV-1134 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant O.C. Tanner Company's Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion as to Plaintiff's claim under 42 U.S.C. § 1983 and will allow Plaintiff to amend her ADEA claim.

I.  BACKGROUND

Plaintiff Roxanne Brough worked for Defendant O.C. Tanner Company ("O.C. Tanner") from April 1977 until her termination in November 2014.[1] At the time, she was working as a team member in the production control department. Prior to her termination, Plaintiff had been performing her job satisfactorily and received a raise. After new management came on board, changes began. Plaintiff was re-assigned from the manufacturing and purchasing department to the production control department. Her duties became constricted but her request for transfer was denied. Plaintiff and several other employees over age 40 were allegedly forced to leave due to constant pressure from management into early retirement or were terminated. Plaintiff

---

[1] The facts are taken from Plaintiff's Complaint and construed in the light most favorable to Plaintiff.

1

alleges that technological advances replaced one of her duties, but the other tasks were given to younger employees. After her termination, Plaintiff and Defendant engaged in settlement negotiations, which were discontinued around May 31, 2016, for failure to reach an amicable agreement.[2] Subsequently, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 16, 2016.[3] The EEOC issued a right to sue letter on September 28, 2016.[4]

On November 3, 2016, Plaintiff filed a Complaint against O.C. Tanner and John Does 1-5 for violations of the Age Discrimination in Employment Act ("ADEA") and her civil rights under 42 U.S.C. §1983. Defendant O.C. Tanner has filed a Motion to Dismiss

## II.  MOTION TO DISMISS STANDARD

To prevail on a 12(b)(6) Motion to Dismiss, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[5] A facially plausible claim requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] The court must accept all the factual allegations in the complaint as true, but need not consider merely conclusory statements that recite legal elements.[7] The court should "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly

---

[2] In her Memorandum in Opposition, Plaintiff alleges that Defendant persisted in continuously negotiating until approximately March 2016. Inconsistencies in the dates are noted.

[3] Docket No. 6 Ex. A.

[4] Docket No. 12 Ex. A.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[6] *Id.*

[7] *Id.*

suggest the defendant is liable."[8] "The nature and specificity of the allegations required to state a plausible claim will vary based on context."[9]

## III.  DISCUSSION

A.   SECTION 1983 CLAIM

Plaintiff's Complaint asserted claims for violation of the ADEA and 42 U.S.C. §1983.[10] Defendant contends that Plaintiff's §1983 claim should be dismissed because Defendant is neither a state actor nor a party acting "under color of law," and therefore cannot be found liable under §1983.[11] Subsequently, Plaintiff stated willingness to stipulate that "there is no state action" as long as "Defendant agrees that reliance upon Utah Code Ann. §34-34-2 is not a defense to discriminating against employees based upon their age."[12]  Defendant agrees that "no state statute either permits or justifies violation of federal law."[13]  Thus, Plaintiff is deemed to have conceded her 42 U.S.C. §1983 claim and it will be dismissed.

B.   ADEA CLAIM

Defendant argues that Plaintiff's ADEA claim is barred because she did not timely file a charge of discrimination. In a deferral state, such as Utah, the ADEA requires filing a charge of discrimination with the EEOC within 300 days after the alleged discriminatory practice.[14]  It is undisputed that Plaintiff's claim was not filed within the required statutory period.  Plaintiff was

---

[8] *Kansas Penn Gaming LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[9] *Id.* at 1215.

[10] Docket No. 2.

[11] Docket No. 6.

[12] Docket No. 12, at 4.

[13] Docket No. 15, at 6.

[14] *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011).

terminated in November 2014 and filed a complaint at EEOC on August 16, 2016, which clearly exceeds 300 days following her termination. However, Plaintiff claims that Defendant "persisted in negotiating with Plaintiff" and "Defendant's actions extended the time limit for filing Plaintiff's EEOC claim."[15] Further, Plaintiff argues that she appropriately exhausted administrative remedies as evidenced by EEOC's right to sue letter.[16]

The statutory filing period is not absolute and ADEA's 300-day limitation period is subject to equitable tolling.[17] "Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."[18] "Courts may evaluate whether it would be proper to apply such doctrine, although they are to be applied sparingly."[19] Plaintiff has the burden of establishing sufficient facts to the court to apply equitable considerations.[20]

Equitable tolling of the ADEA is appropriate "only where the circumstances of the case rise to the level of active deception where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts."[21] When such deception is alleged, "the limitations period will not be tolled unless an employee's failure to timely file results from either

---

[15] Docket No. 12, at 1–2.

[16] Docket No. 12 Ex A.

[17] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1226 n.13 (10th Cir. 2006).

[18] *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

[19] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

[20] *Callan v. Pepsi-Cola Bottling Co. of Topeka*, 823 F. Supp. 879, 883 (D. Kan. 1992).

[21] *Husley v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994) (alterations and internal quotation marks omitted).

a deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge."[22]

Here, Plaintiff argues that the time limit should be extended because "Defendant's deceit lulled Plaintiff into inaction" despite her due diligence and resulted in a delay of her EEOC filing.[23] Plaintiff argues that "Each of Defendant's last three counsel affirmatively proffered a settlement offer of various sums in an effort to persuade Plaintiff to refrain from filing her complaint."[24]

In the context of settlement negotiations, courts have found equitable estoppel in cases where the employee relied on the employer's false assurance to settle the claim by reinstatement and delayed filing with the EEOC.[25] Also, the doctrine has been invoked when an employer affirmatively promised to settle the case, preventing the plaintiff from filing her charge.[26] However, the employee's "hope for rehire, transfer, promotion or a continuing employment relationship" does not toll the statue absent some misleading conduct by the employer.[27] Also, it is insufficient to warrant equitable tolling when the employee unreasonably relied upon the employer's offer to consider settlement or alleged requests that the employee refrain from filing

---

[22] *Id*. (alternations and internal quotation marks omitted).

[23] Docket No. 12, at 4.

[24] *Id*. at 2.

[25] *See Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 595 (5th Cir.1981); *see also Franci v. Avco Corp., Avco Lycoming Div.*, 538 F.Supp. 250, 254 (D. Conn. 1982) (applying equitable tolling when an employee did not jeopardize his chances of recall by filing a complaint against his former employer based on the employer's actions).

[26] *See United States v. Reliance Ins. Co.*, 436 F.2d 1366, 1372 (10th Cir. 1971) (equitable estoppel applied in Miller Act case when defendant affirmatively assured plaintiff of settlement).

[27] *Price v. Litton Bus. Sys., Inc*., 694 F.2d 963, 965–66 (4th Cir. 1982).

a complaint.[28]  Moreover, an employer's alleged assurance to retain good employees in a new organization was found insufficient to toll the period for filing an ADEA complaint absent evidence that the employer intended to delay the employee from filing an EEOC complaint.[29] Even where the defendants induced the plaintiff to refrain from filing suit to permit time to make a settlement offer, equitable tolling has been denied where there is no evidence that defendants' actions were designed to lull the plaintiff into inaction.[30]  In sum, to warrant equitable tolling, Plaintiff must allege sufficient facts to establish that Plaintiff's untimely filing was caused by Defendant's affirmative conduct intended to cause such delay in the context of settlement negotiations.

Here, Plaintiff claims that she "justifiably believed that an amicable agreement regarding her reemployment with the company would be reached with all three of Defendant's counsel."[31] Plaintiff argues that "[t]he Defendant appears to have had no intention of ever rehiring her, or reaching any other agreements but were instead waiting for the statute of limitations applicable to the EEOC to run."[32]  Plaintiff does not provide sufficient facts to determine whether her allegedly "justifiable belief" is based on Defendant's affirmative conduct during settlement negotiations.  Plaintiff has not identified specific statements and/or actions on the part of Defendant that would substantiate her claim.  In the absence of such factual allegations, Plaintiff's claim that she was "actively deceived, misled and lulled into inaction despite her due

---

[28] *Mercado-Garcia v. Ponce Fed. Bank*, 979 F.2d 890, 895 (1st Cir. 1992).

[29] *Kaster v. Safeco Ins. Co. of Am.*, 212 F. Supp. 2d 1264, 1270 (D. Kan. 2002), *aff'd,* 82 F. App'x 28 (10th Cir. 2003).

[30] *Smith v. Johnson Cty, Bd. Of Cty. Comm'rs*, 56 F. App'x 879, 883–84 (10th Cir. 2003).

[31] Docket No. 12, at 3.

[32] *Id*.

diligence by the continuing negotiations with O.C. Tanner" are merely conclusory statements devoid of substantiation.[33]

Defendant argues that "Plaintiff does not allege any action by O.C. Tanner that could justifiably be construed as a 'glimmer of hope' that her previous employment would be renewed."[34] The Court agrees. Plaintiff alleges circumstances where she "justifiably believed that an amicable agreement regarding her reemployment would be reached" via settlement negotiations with Defendant who "appears to have had no intention of ever rehiring her . . . instead waiting for the statute of limitations applicable to the EEOC to run."[35] However, Plaintiff's factual allegations to date are insufficient to establish that Defendant's affirmative conduct was intended to delay her EEOC filing.

Defendant argues that Plaintiff's ADEA claim should be dismissed with prejudice because any amendment would be futile. However, because a plaintiff generally need not plead facts to overcome an affirmative defense, such as a statute of limitations defense, Plaintiff has not had the opportunity to allege facts to support her argument. Fairness dictates that she should be provided that chance. Therefore, the Court will allow Plaintiff to amend her Complaint.

IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 6) is GRANTED IN PART as set forth above. Plaintiff's § 1983 claim is dismissed. Plaintiff may file an Amended Complaint concerning her ADEA claim within fourteen (14) days of this ORDER.

---

[33] *Id.*

[34] Docket No. 15, at 5.

[35] Docket No. 12.

DATED this 23rd day of March, 2017.

BY THE COURT:

*[signature]*

Ted Stewart
United States District Judge