IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROXANNE BROUGH,<br><br>    Plaintiff,<br><br>v.<br><br>O.C. TANNER COMPANY, and JOHN DOES 1-5,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br><br><br>Case No. 2:16-CV-1134 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant O.C. Tanner Company's Motion to Dismiss. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Plaintiff Roxanne Brough worked for Defendant O.C. Tanner Company ("O.C. Tanner" or "Employer") from April 1977 until November 2014, at which time Plaintiff and several other employees over 40 years old were allegedly forced to leave.[1] Shortly after receiving notice of Defendant's intent to terminate her employment, Plaintiff retained Mr. Morgan to represent her, and asked him "to attempt to negotiate a more favorable post-termination settlement agreement."[2]

Early on in the negotiations, the parties "acknowledged the deadlines that may apply in timely filing complaints with the EEOC."[3] "In response to specific proffers by Mr. Morgan throughout 2015 and early 2016 to forgo and delay filing any complaint with the EEOC pending

---

[1] The facts are taken from Plaintiff's Complaint and construed in the light most favorable to Plaintiff.
[2] Docket No. 22 ¶ 17.
[3] *Id.* ¶17(a).

1

the good faith efforts of the parties to settle . . . [two attorneys for Defendant] specifically represented that they each believed that a negotiated settlement was forthcoming and accepted Mr. Morgan's request not to prejudice his client should she delay her filing the matter with the EEOC, if that should become necessary in any event."[4]

Negotiations concluded without an agreement being reached at the end of May, 2016. Plaintiff received a right to sue letter on September 28, 2016, and filed a Charge of Discrimination with eh EEOC on August 25, 2016, more than 300 days after her termination. Defendants previously argued that Plaintiff's action was time-barred, and the Court agreed, finding that Plaintiff had failed to allege sufficient facts to justify equitably tolling of the statute of limitations.[5] The Court dismissed Plaintiff's ADEA claim without prejudice.[6] Plaintiff filed an Amended Complaint, and Defendant renewed its statute of limitations argument.

## II.  STANDARD OF REVIEW

To prevail on a 12(b)(6) Motion to Dismiss, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[7] A facially plausible claim requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] The court must accept all the factual allegations in the complaint as true, but need not consider merely conclusory statements that

---

[4] *Id.*
[5] *Brough v. O.C. Tanner Co.*, No. 2:16-CV-1134 TS, 2017 WL 1102622 (D. Utah Mar. 23, 2017).
[6] *Id.* at *3.
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
[8] *Id.*

recite legal elements.[9] "The nature and specificity of the allegations required to state a plausible claim will vary based on context."[10]

"Generally, the sufficiency of a complaint must rest on its contents alone."[11] There are limited exceptions to this restriction,[12] but the affidavit submitted by Plaintiff with her Memorandum in Opposition does not fall within any exception, and therefore was not considered by the Court in deciding this Motion.

### III. DISCUSSION

The ADEA requires that a charge of discrimination be filed with the EEOC within 300 days of the alleged discriminatory practice.[13] It is undisputed that Plaintiff's claim was not filed within the 300 day limit. Plaintiff argues: (1) that the limitations period was tolled by express agreement, or in the alternative, (2) that the limitations period should be equitably tolled. Each theory will be discussed in turn.

#### A. TOLLING BY EXPRESS AGREEMENT

"Federal statutes of limitations can often be tolled by agreement."[14] The Supreme Court has explained that parties are ordinarily "permitted to contract around a default statute of limitations" and can "agree not only to the length of a limitations period but also to its

---

[9] *Id.*
[10] *Kan. Penn Gaming LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).
[11] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).
[12] *Id.* (naming the following exceptions: documents incorporated by reference in the complaint; documents referred to in the complaint when authenticity is undisputed; and matters of which a court may take judicial notice).
[13] *Almond v. Unified Sch. Dist. No. 501*, 665 F.3d 1174, 1176 (10th Cir. 2011).
[14] *Nat'l Credit Union Admin. Bd. v. Barclays Capital Inc.*, 785 F.3d 387, 392 (10th Cir. 2015) (citing *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, ––– U.S. ––––, 134 S.Ct. 604, 611 (2013)).

commencement."[15]  The Tenth Circuit has found that when a party promises not to assert a statute of limitations defense in order to continue settlement negotiations, "it is appropriate to hold [the party] to its promise."[16]

The Amended Complaint alleges that two attorneys for Defendant "accepted Mr. Morgan's request not to prejudice his client should she delay her filing the matter with the EEOC" in order to facilitate settlement negotiations.[17]  While Defendant is correct that some terms of this tolling agreement are unclear, the facts alleged are sufficient at this stage to represent a promise to which Defendant should be held.

Defendant argues that any oral promise to toll the limitations period is unenforceable. Defendant points out that every case relied on by Plaintiff involved a written agreement. However, Defendant cites no authority requiring an agreement to toll this particular limitations period to be in writing, and Defendant raises no statute of frauds argument.  The Court finds that Plaintiff's allegations support a theory of tolling by express agreement that is sufficient to overcome Defendant's Motion to Dismiss.

  B.  EQUITABLE TOLLING

Even if the theory of tolling by express agreement fails, the new allegations in the Amended Complaint justify equitable tolling.  ADEA time limits are tolled "only where the circumstances of the case rise to a level of active deception . . . where a plaintiff has been lulled into inaction by her past employer."[18]  Generally, pre-suit efforts to settle a claim are not grounds

---

[15] *Heimeshoff*, 134 S.Ct. at 611.
[16] *Nat'l Credit Union*, 785 F.3d at 393.
[17] Docket No. 22 ¶ 17(a).
[18] *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984) (quoting *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 615 (10th Cir. 1988)).

for equitable tolling.[19] However, courts have applied equitable estoppel where the employee relied on an employer's affirmative and false assurance to settle the claim.[20]

In the original Complaint, Plaintiff failed to allege that Defendant engaged in affirmative conduct with the intent of lulling Plaintiff into inaction. However, the Amended Complaint adds an allegation that two attorneys for Defendant "specifically represented that they each believed that a negotiated settlement was forthcoming and accepted Mr. Morgan's request not to prejudice his client should she delay her filing the matter with the EEOC."[21]

These representations are more than mere offers to consider settlement, and would reasonably engender more than mere "hope for . . . a continuing employment relationship."[22] These representations are closer to "actions that the employer should unmistakably have understood would cause the employee to delay filing [her] charge" while negotiations continued.[23] The Tenth Circuit has found that equitable tolling may be appropriate where defendants encouraged a plaintiff to delay filing suit and promised not to raise a statute of limitations defense if plaintiff waited until after negotiations concluded.[24]

Defendant argues that the representations regarding the likelihood of settlement were mere cajolery, and that it never made any definite promise to settle. Defendants cite to a case

---

[19] *See Hulsey v. Kmart, Inc.,* 43 F.3d 555, 557 (10th Cir. 1994).
[20] *See Coke v. Gen. Adjustment Bureau, Inc.,* 640 F.2d 584, 595 (5th Cir. 1981); *United States v. Reliance Ins. Co.*, 436 F.2d 1366, 1372 (10th Cir. 1971) (applying equitable estoppel where defendant affirmatively assured plaintiff of settlement); *see also Franci v. Avco Corp., Avco Lycoming Div.*, 538 F. Supp. 250, 254 (D. Conn. 1982) (applying equitable tolling when an employee did not jeopardize his chances of recall by filing a complaint against his former employer based on the employer's actions).
[21] Docket No. 22, ¶ 17(a).
[22] *Price v. Litton Bus. Sys., Inc.*, 694 F.2d 963, 965 (4th Cir. 1982).
[23] *Smith v. Johnson Cty. Bd. of Cty. Comm'rs*, 56 F. App'x 879, 883 (10th Cir. 2003).
[24] *Id.*

from the District of Kansas, where an employer asked for "'patience and understanding' in not taking any further action until [defendant] reached a decision on [plaintiff's] settlement proposal."[25] There, the court found that the employer did not engage in sufficient affirmative conduct because it never made a definite promise of settlement.[26] This case is distinguishable because Defendant also represented that it would not prejudice Plaintiff should she delay her filing.

The facts of this case are more like those in *Smith v. Johnson County Board of County Commissioners*, where defendant's attorney wrote that defendant would "not raise the statute of limitations . . . so long as the suit is filed no later than May 1, 2000."[27] Based on that communication, the court found it "undisputed that defendants induced Ms. Smith to forbear filing suit until May 1, 2000."[28] Like *Smith*, Defendant's promise not to prejudice Plaintiff should she postpone filing induced Plaintiff's delay.

Defendant argues that even if its actions induced Plaintiff's inaction, Plaintiff's delay of nearly three months after negotiations ended was unreasonable. In *Smith*, the plaintiff filed suit later than May 1, 2000—the date defendants gave as the last day that they would not raise the statute of limitations defense. The court found that although the limitations period may have been tolled until May 1, further delay made the plaintiff's claim untimely.[29]

---

[25] *Foutty v. Equifax Services., Inc., a Div. of Equifax, Inc.*, 762 F. Supp. 295, 297–98 (D. Kan. 1991).
[26] *Id*. at 298.
[27] 56 F. App'x 879, 883 (10th Cir. 2003).
[28] *Id.*
[29] *Id.*

6

Unlike *Smith*, this Defendant gave no deadline to file a charge. Excluding the time during negotiations, the total number of days between Plaintiff's termination and the filing of her charge was well under 300. Under these circumstances, Plaintiff's delay was not unreasonable.

In sum, Plaintiff has pleaded enough facts to justify equitable tolling at this stage. Defendant may renew its statute of limitations argument at summary judgment if Plaintiff's allegations are unsupported by evidence.

It is therefore

ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim (Docket No. 25) is DENIED.

DATED this 25th day of July, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge