IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH

| | |
|---|---|
| ROXANNE BROUGH,<br><br>Plaintiff,<br>vs.<br><br>O.C. TANNER COMPANY, and JOHN DOES 1–5,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO BIFURCATE<br><br>CASE NO. 2:16-CV-1134 TS<br>Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Bifurcate. For the following reasons, the Court grants the Motion.

I. BACKGROUND

On May 5, 2017, Roxanne Brough ("Plaintiff") filed this action alleging that her employment with O.C. Tanner ("Defendant") was unlawfully terminated in November 2014 in violation of the Age Discrimination in Employment Act ("ADEA").[1] Before filing this action, Plaintiff entered negotiations with Defendant, but failed to file her grievance with the Equal Employment Opportunity Commission ("EEOC") within the 300-day limitations period.[2] Plaintiff alleges that the 300-day period was tolled by an alleged agreement made by Defendant

---

[1] 29 U.S.C. § 621(a)(4).

[2] *See id.* § 626(d)(1) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed . . . in a case to which section 633(b) of this title applies, [or] within 300 days after the alleged unlawful practice occurred . . . ."); *Lister v. City of Wichita, Kan.*, 666 F. App'x 709, 712 (10th Cir. 2016) ("Failure to comply with [the 300-day] timely filing requirement bars an employee from filing a claim in district court."); *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 n.1 (10th Cir. 2004) ("As the ADEA and Title VII have virtually identical requirements with respect to the filing of EEOC charges, Title VII cases are applicable here.").

1

during those negotiations. Defendant denies any such agreement and has filed this Motion seeking bifurcation of the potentially dispositive tolling issue from Plaintiff's substantive claim.

## II. STANDARD OF REVIEW

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ."[3] "The Federal Rules of Civil Procedure give district courts broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused."[4] "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable. Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party."[5] The Court, therefore, must take into account the "controlling considerations in Rule 42(b)[:] economy and avoiding prejudice."[6]

## III. DISCUSSION

As stated by Defendant, this issue of whether the 300-day limit was tolled is potentially dispositive. A finding that the time to file was not tolled by an agreement between Plaintiff and Defendant would result in Plaintiff being statutorily barred from pursuing her substantive claim. Determining this issue by itself before commencing with discovery on Plaintiff's substantive claim may prevent the needless expenditure of a great amount of time and other resources on the part of the Court and the parties.

Additionally, Defendant argues that bifurcation would be more convenient for the parties because the tolling issue is narrow and involves only a few witnesses, whereas the more

---

[3] Fed. R. Civ. P. 42(b).

[4] *Easton v. City of Boulder, Colo.*, 776 F.2d 1441, 1447 (10th Cir. 1985).

[5] *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993) (internal citations omitted).

[6] *SCFC ILC, Inc. v. Visa U.S.A. Inc.*, 801 F. Supp. 517, 528 (D. Utah 1992).

substantive issues require numerous witnesses and a greater amount of discovery. The Court agrees. Focusing on this one narrow issue, rather than going through potentially wasted discovery on the other issues, will be much more convenient for the two parties and will promote judicial economy.

Regarding the avoidance of prejudice, the Court assumes from Plaintiff's failure to respond to Defendant's Motion that Plaintiff will not be prejudiced by a decision to bifurcate the tolling issue from the other issues in this case. Defendant filed its Motion on January 8, 2018, and as of the current time, Plaintiff has not responded. Therefore, the Court finds that bifurcation will not prejudice either party. As a result, both economy and the avoidance or prejudice weigh in favor of bifurcation.

IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Bifurcate (Docket No. 37) is GRANTED. The parties are directed to propose a new schedule for discovery and briefing on the issue of tolling within 14 days of this order.

DATED this 6th day of March, 2018.

BY THE COURT:

Judge Ted Stewart